UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON BELANGER,

    Plaintiff,

vs.                                                            Case No. 12-14516

SIMPLY BETTER MANAGEMENT              HON. AVERN COHN
CO., LLC,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, FOR
<u>CERTIFICATION TO SEEK INTERLOCUTORY APPEAL (Doc. 28)</u>**

**I.  INTRODUCTION**

      This is a contract/tort case.  Plaintiff Brandon Belanger ("Belanger") is suing his landlord, defendant Simply Better Management Co., LLC ("Defendant") claiming that he was injured when he tripped and fell on his way to his vehicle from his apartment complex's dumpster area due to a hole in the pavement abutting the curb.  Belanger's complaint is in two counts, framed by him as follows:

      Count I:     Statutory Covenant of Habitability

      Count II:    Negligence

      On July 18, 2013, the Court entered a memorandum and order granting Belanger's motion to amend the complaint and granting in part and denying in part Defendant's motion for summary judgment (Doc. 26).  Now before the Court is Defendant's motion for reconsideration (Doc. 29).  Alternatively, Defendant asks the Court to amend its order to

endorse the filing of an interlocutory appeal. For the reasons that follow, Defendant's motion for reconsideration is DENIED. The Court likewise declines to amend the order.

## II. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Defendant's motion is timely.

No response or oral argument is allowed on a motion for reconsideration unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## III. DISCUSSION

In the July 18 order, the Court denied summary judgment to Defendant on Belanger's breach of contract claim under Mich. Comp. Laws § 554.139(b). The Court explained that the statutory covenant to comply with applicable state and local health and safety laws applies to common areas of an apartment complex. Because the Michigan Supreme Court has not expressly decided the issue, the Court explained that its opinion was consistent with how it believes the Michigan Supreme Court would rule if faced with

the same issue.

Further, the Court denied summary judgment to Defendant on Belanger's premises liability claim. The Court explained that a question of fact remains for the fact finder to determine whether the hole in the ground constituted an open and obvious danger under Michigan law.

Defendant seeks reconsideration of these two issues. Alternatively, Defendant asks the Court to certify an interlocutory appeal. The Court considers each issue in turn.

## A. Defendant is Not Entitled to Reconsideration

The Court declines Defendant's invitation to reconsider the July 18 order. Defendant does not point to a palpable defect that misled the Court. Instead, Defendant rehashes the arguments it made in its motion for summary judgment. The order adequately expresses the Court's rationale and reasoning and further discussion is not necessary.

## B. The Court Declines to Amend the Order

Defendant asks the Court to amend the order to include language permitting an interlocutory appeal under 28 U.S.C. § 1292(b). Because an immediate appeal will not materially advance the ultimate termination of the litigation, the Court will not amend the order to include such language.

Section 1292(b) states,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from

3

such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Arguably, the statutory interpretation of Mich. Comp. Laws § 554.139(b), which is an issue that has never been decided by the Michigan Supreme Court, necessitates immediate appeal. However, even if the Court is wrong in its interpretation of Mich. Comp. Laws § 554.139(b), Belanger's premises liability claim remains in the case. The premises liability claim does not present a "controlling question of law as to which there is substantial ground for difference of opinion." Thus, an interlocutory appeal will not "materially advance the ultimate termination of the litigation."

### IV. CONCLUSION

For the reasons stated above, reconsideration was denied.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 30, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
Case Manager, (313) 234-5160